THREADGILL, Judge.
The appellant, plaintiff below, challenges the trial court’s dismissal of the complaint based on its determination that jurisdiction is preempted by the Illinois Franchise Act. We disagree with the trial court’s finding *643 that the contract between the parties is a franchise agreement subject to the Illinois statute, and reverse.
The appellee is an Illinois chiropractor who was in practice before contracting with the appellant, a Florida corporation, for management consulting services. The appellant is a chiropractic management consulting business, with its only office in Pinellas County, Florida. The appellant offers advice, education, and counseling to increase the growth and profits of chiropractic practices. It renders these services with seminars, publications, call-in counseling, and in-person consultations.
The parties entered into a written contract on July 11, 1987, specifying that the appellant would provide management consulting services to the appellee and the appellee was to make payments to the appellant in Pinellas County, Florida. The contract specified that any dispute under the contract would be settled pursuant to Florida law.
On April 24, 1989, the appellant filed a complaint against the appellee in Pinellas County, alleging breach of the agreement. The appellee moved to dismiss, arguing that the contract was a franchise agreement under the Illinois Franchise Disclosures Act and that, pursuant to the act, any provision in such an agreement which designates jurisdiction outside of Illinois is void. Finding that the contract was signed in Illinois and described a franchise under Illinois law, the trial court held that pursuant to Illinois law, Florida courts did not have jurisdiction over the contract and granted the appellee’s motion to dismiss.
Under the Illinois Franchise Act at Ill.Rev.Stat. ch. 1211/2 sec. 1703(1) (1987) three elements are required to establish a franchise, Brenkman v. Belmont Marketing, Inc., 87 Ill.App.3d 1060, 43 Ill.Dec. 500, 410 N.E.2d 500 (3d Dist.1980), and no franchise relationship exists if any of these elements is absent, Vitkauskas v. State Farm Mutual Automobile Insurance Co., 157 Ill.App.3d 317, 109 Ill.Dec. 373, 509 N.E.2d 1385 (3d Dist.1987). The elements set forth under the Illinois Franchise Act as interpreted in Brenkman and Vitkaus-kas are as follows:
(a) a franchisee is granted the right to engage in the business of offering, selling, or distributing goods or services, under a marketing plan or system prescribed or suggested in substantial part by a franchisor; and (b) the operation of the franchisee’s business pursuant to such plan or system is substantially associated with the franchisor’s trademark, service mark, trade name, logo-type, advertising, or other commercial symbol designating the franchisor or its affiliate; and (c) the person granted the right to engage in such business is required to pay, directly or indirectly, a franchisee fee....
We do not find that the contract at issue provides for a marketing plan or system, and therefore conclude that the first element of the statute is missing. The appellant’s services took the form of a program designed to teach the appellee how to execute more efficient management of his office and the appellee could, at his option, use the marketing plan and materials that by copyright belonged to the appellant. None of the appellant’s advice, however, was directed at the substance of the chiropractic services rendered by the appellee. The appellant did not grant any right to engage in business to the appellee. The appellee was in the business of selling chiropractic services; the appellant was in the business of selling marketing and business advice to chiropractors.
As to the second element, we disagree with the trial court’s finding that the contract required use of the appellant’s trademark or logo in advertising. The disputed contract contains no such provision, although the appellant did license to the ap-pellee, under separate contract, certain advertisements which could be used at the appellee’s discretion to help his practice. We note that this separate agreement requires use of the appellant’s copyright notice, rather than its logo, in the advertisements and that this provision is pursuant to federal copyright law. If the appellee opted to use the copyrighted material, he was required to include the copyright notice to protect the rights of the copyright holder under federal law. Moreover, the appel *644 lant did not require the notice to be placed on all of the appellee’s advertising, as the order of the trial court implies, but only on material provided by the appellant. Therefore, the second element of the statute is missing.
The third element, like the first, hinges on the meaning of “grants the right to engage in business.” In plain language, this element requires that the franchisee not have the right to engage in the business without paying the franchisor’s fee. The appellant here did not grant any right to engage in business, or to sell chiropractic services. The appellee acquired that right under the professional license issued by his state, and he had the right to practice chiropractic medicine regardless of any contract with the appellant. Clearly, the fee payments were for business consultation and advice rather than for the right to enter into a business or to sell services. Therefore, these payments do not constitute a franchise fee and we conclude that the third element of the statute is also missing.
The appellee has cited no cases, nor have we found any, in which an entity marketing consulting services has been labeled a franchisor. In the only Illinois case addressing the applicability of the Act, Salkeld v. V.R. Business Brokers, 192 Ill.App.3d 663, 139 Ill.Dec. 595, 548 N.E.2d 1151 (Ill.2d DCA 1989), the party identified as a franchisee was selling a product made by and registered with the franchisor. That is not the case here. Under the appellee’s interpretation of the law any Illinois businessman who hires a consultant would become a franchisee.
We reverse the dismissal of the complaint and remand for further proceedings. Because our decision on this' issue is dispos-itive, we do not address the appellant’s other point on appeal.
Reversed and remanded.
CAMPBELL, A.C.J., and PATTERSON, J., concur.